# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

(302) 658-9200
(302) 658-3989 FAX

**Maryellen Noreika**
(302) 351-9278
(302) 425-3011 FAX
mnoreika@mnat.com

November 1, 2016

The Honorable Leonard P. Stark                       *VIA ELECTRONIC FILING*
United States District Court
  For the District of Delaware
844 North King Street
Wilmington, DE  19801-3555

Re:     *Galderma Labs., L.P. et al. v. Dr. Reddy's Labs. et al.,* C.A. No. 15-670 (LPS)

Dear Chief Judge Stark:

Plaintiffs Galderma Laboratories, L.P. ("Galderma"), Nestlé Skin Health S.A. ("NSH"), and TCD Royalty Sub LLC ("TCD") (collectively, "Plaintiffs") submit this letter pursuant to the Court's October 26, 2016 and October 28, 2016 Orders (D.I. 96, 98) setting a teleconference for November 8, 2016 regarding the discovery issues raised in the parties' Joint Letters to the Court dated September 28, 2016 (D.I. 78), September 30, 2016 (D.I. 81), and October 21, 2016 (D.I. 93), respectively.[1]

I.  **DRL Improperly Refuses To Provide Full Substantive Responses to Plaintiffs' Interrogatory Nos. 1 and 2 Regarding DRL's Noninfringement Contentions**

DRL is withholding its contentions regarding alleged noninfringement by refusing to provide full substantive responses to Plaintiffs' Interrogatory Nos. 1 and 2.[2] *See* Ex. A, DRL's June 27, 2016 Responses and Objections to Plaintiffs' First Set of Interrogatories.  DRL's current responses to Plaintiffs' Interrogatory Nos. 1 and 2 do nothing more than refer generally to "the contents of [its] Paragraph IV Notice Letters" (*see id.*) – which in turn contain very limited information concerning only a portion of the alleged noninfringement issues that DRL has indicated elsewhere that it intends to raise.  For example, DRL's Paragraph IV Notice Letters do

---

[1]     While Rule 45 (d)(3), Fed. R. Civ. P. states that a motion to quash a subpoena is to be brought "in the district where compliance is required," the parties have agreed, in the interest of judicial efficiency and in view of the Court's familiarity with this litigation and related prior actions, to have Your Honor address this dispute.

[2]     Plaintiffs' Interrogatory Nos. 1 and 2 request DRL's contentions regarding alleged noninfringement, including under the doctrine of equivalents, and alleged legal limitations to the scope of such equivalents for each asserted claim.  Ex. A, at 2-3.

The Honorable Leonard P. Stark
November 1, 2016
Page 2

not contain noninfringement allegations regarding many of the Ashley '506 and '946 patents – but DRL's Amended Answer and Counterclaims alleges, at a high level of generality, noninfringement of those patents in whole.  *See* Ex. B, DRL's Paragraph IV Notice Letters; D.I. 39, DRL's Amended Answer and Counterclaims ¶¶ 98-104.  Nonetheless, DRL insists it is not required to provide its substantive noninfringement contentions for any of the patents-in-suit.  Similarly, DRL has represented to the Court in its briefing in support of its prior motion for leave to file for summary judgment that it intends to rely on "legal" doctrines such as claim vitiation and prosecution history estoppel (*see* D.I. 54 at 2, 4, 6-8) – but these are neither explained in DRL's interrogatory responses, nor in its Paragraph IV Notice Letters which DRL tries to use in lieu of proper discovery responses.

Pursuant to Rule 33, Fed. R. Civ. P., DRL must provide substantive responses to contention interrogatories on any contentions that it intends to assert in challenging Plaintiffs' infringement contentions.  *See Former Shareholders of Cardiospectra, Inc. v. Volcano Corp.*, No. 12-CV-01535-WHO, 2013 WL 5513275, at *2 (N.D. Cal. Oct. 4, 2013); *see also Cty. of Santa Clara v. Astra* USA, Inc., No. C-05-3740 WHA (EMC), 2009 WL 2868428, at *3 (N.D. Cal. Sept. 3, 2009) ("[T]he Federal Rules of Civil Procedure . . . encourage early disclosure and supplementation where necessary.").  DRL also cannot conceal its noninfringement positions by suggesting it will "incorporate by reference the content of any future briefs . . . ." *See* Ex. A, at 5; *see also Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 763 F. Supp. 2d 671, 691-92 (D. Del. 2010) ("[Party] may not use their obligation to supplement . . . [to] unilaterally buy[ ] themselves additional time to [respond to this discovery] . . . .").  There is no reason why DRL cannot disclose the substance of its noninfringement contentions given its knowledge of its own NDA Product and the representations it has already made.  DRL's continued attempts to conceal its contentions unduly prejudice Plaintiffs' ability to take adequate discovery in the time remaining for fact discovery.

## II.   DRL Improperly Refuses To Respond To Plaintiffs' Interrogatory Nos. 11-15

DRL is withholding information relating to the development costs, launch date, and market projections of the DRL NDA Product, as well as the bases of the decision for DRL to seek to market and sell DRL's NDA Product, by refusing to respond to Plaintiffs' Interrogatory Nos. 11-15.  DRL's refuses to provide an answer to these interrogatories on the basis that such information is not relevant and proportional to the needs of the case.  Ex. A, at 14; Ex. C, Hander Letter Sep. 1, 2016

Such information is relevant to at least secondary considerations of nonobviousness, including commercial success, and is routinely provided by the accused infringer in Hatch-Waxman litigation.  This Court has recently compelled a party to respond to interrogatories probative of commercial success given its "broad scope of relevance . . . all of which would go to commercial success and [would] potentially be probative of nonobviousness." *Galderma Labs., L.P., et al., v. Actavis Labs. UT, Inc.*, C.A. No. 15-232-LPS, D.I. 134, (D. Del., June 21, 2016), at 12:18-13:5.  Further, information concerning the costs and expenses DRL has committed to the development of its generic version of Oracea® reflects DRL's consideration of the value and profitability it has placed on marketing a generic Oracea® product, which is

evidence courts have relied upon as real-world measures of an invention's commercial opportunity and which can be probative of nonobviousness. *See United Therapeutics Corp. v. Sandoz, Inc.*, Nos. 12-cv-01617, 13-cv-316, 2014 WL 4259153, at *47 (D.N.J. Aug. 29, 2014). As long as DRL intends to challenge Plaintiffs' contentions regarding commercial success, it should not be permitted to refuse to respond to Plaintiffs' Interrogatory Nos. 11-15.

### III. DRL's Testimony Subpoenas of Dr. Gallagher, Mr. Ashley, and Mr. Powala Are Unreasonably Duplicative and Unduly Burdensome

Plaintiffs seek a protective order, and move to quash, DRL's testimony subpoenas of Dr. Gallagher, Mr. Ashley, and Mr. Powala under Rule 45(d)(3), Fed. R. Civ. P. because these individuals have already offered deposition testimony on the specific information that DRL intends to seek, and DRL has not shown that it will take additional non-duplicative discovery, or provided a reason why it is entitled to duplicative discovery of a non-party witness. In fact, Dr. Gallagher, Mr. Ashley, and Mr. Powala previously offered testimony in *Research Found of State Univ. of N.Y. et al. Mylan Pharms. Inc. et al.*, C.A. No. 09-184 (D. Del.), and DRL has the deposition transcripts in its possession.

Additionally, DRL's invalidity contentions do not provide information indicating what information it seeks beyond what was already provided in the previous deposition of non-party witness, Dr. Gallagher. Indeed, DRL's outside counsel acknowledges that "DRL's invalidity contentions already set forth its current contentions as to the statements [Dr. Gallagher] has made." *See* Ex. D, Handler E-mail Oct. 5, 2016. DRL goes on to state that, "if future testimony or discovery reveals further information upon which it decides to rely for invalidity purposes, DRL will supplement its contentions accordingly within a reasonable amount of time of making that decision." *Id.* However, it is implausible that a witness would remember more information about events that allegedly happened over sixteen years ago, when they did not recall such information six years ago, when their depositions were taken. It is apparent that DRL views these third party depositions as fishing expeditions, which is improper and unduly burdensome for Dr. Gallagher, Mr. Ashley, Mr. Powala, and Plaintiffs. *See* Rule 26(b), Fed. R. Civ. P.; *see also Mannington Mills, Inc. v. Armstrong World Indus., Inc.*, 206 F.R.D. 525, 529 (D. Del. 2002) ("[E]ven if the information sought is relevant, discovery is not allowed where no need is shown, or where compliance is unduly burdensome.").

Nonetheless, in the interest of compromise and reducing the number of issues for the Court to decide, Plaintiffs are willing to agree to offer Dr. Gallagher, Mr. Ashley, and Mr. Powala each for one half day (3.5 hours) of testimony, absent unforeseeable and extenuating circumstances.

### IV. The Parties' Dispute Concerning the Subpoena of Dr. Kovach Is Moot

Because Dr. Kovach was deposed on October 27, 2016, the Parties' dispute is now moot.

The Honorable Leonard P. Stark
November 1, 2016
Page 4

                                        Respectfully,

                                        */s/ Maryellen Noreika*

                                        Maryellen Noreika (#3208)

MN/bac
Enclosures

cc:     Clerk of Court (via hand delivery; w/enclosures)
        All Counsel of Record (via electronic mail; w/enclosures)